**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 26 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-30162 |
| Plaintiff-Appellee, | D.C. No. 1:19-cr-00058-SPW-1 |
| v. | |
| ADAM CLARK YOUNG, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Submitted April 17, 2023**

Before:   CLIFTON, R. NELSON, and BRESS, Circuit Judges.

Adam Clark Young appeals from the district court's judgment and

challenges the 10-month sentence imposed upon his second revocation of

supervised release.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Young contends that the 10-month sentence is substantively unreasonable

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

because (1) Young was facing pending state charges, and (2) the district court wrongly relied on Young's "toxic relationship with his wife due to substance abuse" in imposing the sentence. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Contrary to Young's contention, the district court did not rely on the actions of Young's wife or Young's relationship with his wife in determining the sentence. Further, notwithstanding the possibility that Young would be subject to criminal liability on state drug charges, the within-Guidelines sentence is substantively reasonable in light of the relevant factors and the totality of the circumstances, including Young's repeated breaches of the court's trust. *See* 18 U.S.C. § 3583(e); *Gall*, 552 U.S. at 51; *United States v. Simtob*, 485 F.3d 1058, 1062 (9th Cir. 2007) (purpose of a revocation sentence is to sanction the defendant's breach of the court's trust).

**AFFIRMED.**

22-30162